**UNITED STATES of America, Appellee,**

v.

**Donald C. SEEST, Appellant.**

**No. 80–1349.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1980.

Decided Oct. 8, 1980.

John A. Eidsmoe, Fergus Falls, Minn., for appellant.

Richard E. Vosepka, Asst. U. S. Atty., Dist. of Minn., Minneapolis, Minn., for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

The defendant–appellant, Donald Charles Seest, owns and operates a farm in Polk County in west central Minnesota. A quarter section of his land is subject to an easement in favor of the United States Department of Interior, U.S. Fish and Wildlife Service, Bureau of Sport Fisheries and Wildlife. That easement, designed to preserve the land as a waterfowl production area, prohibits the owner from draining, ditching, or filling the land. In 1977, Seest engaged in construction work, installing drain tile and digging pits in the easement land in order to obtain water for an irrigation system on his farm lands. Subsequently the United States, by information, charged that Seest did knowingly disturb and injure and destroy real property of the United States in an area within the National Wildlife Refuge System by draining a

waterfowl production area included within the easement land, in violation of 16 U.S.C. § 668dd (1976).[1]

On a bench trial the district court[2] found Seest guilty and sentenced Seest to six months' imprisonment and to pay a fine of $500, but provided that the sentence of imprisonment would be suspended and the defendant placed on probation subject to conditions that defendant pay the fine and "restore wetlands to their natural state."

On this appeal appellant argues a number of issues, as follows:

1) That he was entitled to a jury trial;

2) That the trial should have been held at Fergus Falls in the District of Minnesota, not St. Paul, Minnesota;

3) That the evidence was not sufficient to prove his guilt of the charge;

4) That the sentence was excessive, and, additionally, that the terms of probation are excessive or that it is physically impossible or unnecessary for wildlife purposes to restore the area to its original and natural state.

We affirm the conviction, but remand the terms of probation to the district court for further consideration.

The record in this case shows that the defendant interfered with the natural state of the land under easement by digging two large pits on that land to store water for irrigation pumping purposes. The evidence indicates that although the amount of surface water on the easement land may not have diminished, both surface and subsurface waters have drained into the pits. Thereafter, Seest has used this water to irrigate his farm lands. Moreover, this work by Seest has altered the natural state of those waters. The easement provides, among other things, that the owners will "cooperate in the maintenance of the aforesaid land as a waterfowl production area by not draining or permitting the draining, through the transfer of appurtenant water rights or otherwise, of any surface water * * * now existing * * * due to natural causes on the above–described tract, by ditching or any other means[.]"

■ We think it is clear that the ditching and trenching and use of drain tile altered the flow of natural waters, both surface and subsurface, and constituted a clear violation of the easement. Accordingly, we reject the appellant's claim that the Government has not established a violation of law in this case.

■ The allegations of error relating to appellant's right to trial by jury or change of place of trial are without any substantial merit.

The constitutional guarantee of a trial by jury does not apply to a prosecution of a "petty offense." *Taylor v. Hayes*, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701, 41 L.Ed.2d 897 (1974); *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 1504, 23 L.Ed.2d 162 (1969). The offense charged here, violation of 16 U.S.C. § 668dd, possesses all the indicia of a petty offense. The defendant faced a maximum penalty of six months in prison or a $500 fine, or both.[3] *See Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968); *Baldwin v. New York*, 399 U.S. 66, 68–69, 90 S.Ct. 1886, 1887, 26 L.Ed.2d 437 (1970) (plurality opinion) (severity of maximum penalty most relevant criteria in defining petty offense). Further, this offense is considered *malum prohibitum* rather than *malum in se* and cannot be regarded a serious moral offense.

---

1. The operative section, in pertinent part, reads:

 (c) No person shall knowingly disturb, injure, cut, burn, remove, destroy, or possess any real or personal property of the United States, including natural growth, in any area of the [National Wildlife Refuge] System[.] The penalty provision of that law calls for a fine of not more than $500 or imprisonment of not more than six months, or both.

2. The Hon. Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

3. This offense fits the statutory definition of "petty offenses." 18 U.S.C. § 1(3) provides:

 (3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

*See United States v. Floyd*, 477 F.2d 217, 221–22 (10th Cir.), *cert. denied*, 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973). *See also United States v. Bullock*, 579 F.2d 1116, 1118 (8th Cir.), *cert. denied*, 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). Because he was charged with a petty offense, defendant was not entitled to a jury trial.

 In a criminal trial, the district court judge is vested with discretion to determine where, within the district, a trial will be held. Fed.R.Crim.P. 18.[4] Defendant failed to show that he was prejudiced or that the trial judge abused his discretion. We find no error in the denial of this motion.

Appellant objects to the terms of probation as excessive. He asserts that the provisions call for an expenditure in excess of $20,000 and, further, that the term requiring restoration of the land to its natural state is impossible to meet. Appellant offers to prove that restoring the land to its natural state cannot be accomplished without causing harm to existing wildlife in the area.

Under probation the offender may be required to make restitution or reparation to aggrieved parties. 18 U.S.C. § 3651 (1976). However, such provision ought to be definite in its requirements, *United States v. Dane*, 570 F.2d 840, 843 (9th Cir. 1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978), and must be limited to the actual damage or loss caused by the offense. *United States v. Tiler*, 602 F.2d 30, 33 (2d Cir. 1979); *United States v. Boswell*, 565 F.2d 1338, 1343 (5th Cir.), *cert.*

4. Both St. Paul, the place of trial, and Fergus Falls, the requested place of transfer, lie within the Minnesota District.

5. The district court may determine the obligation on remand or, at its option, it may suspend the existing probation term of "restoring wetlands to their natural state" until determination of a similar question in a pending civil suit in which the Government is seeking injunctive relief. Should it determine the issue without awaiting the ruling in the civil action, the district court may hear additional evidence on that question.

*denied*, 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1978). Under the circumstances here, we think the district court should spell out the reasonable requirements for restitution so that the offender will know with definiteness what he must do to avoid imprisonment.[5]

The conviction stands affirmed. The terms of probation are to be reviewed and clarified by the district court.

However, because the land is owned jointly by Seest and his wife, both of whom are parties in a civil action against the United States now pending before the same trial judge, it would be preferable to suspend the existing probation term of "restoring wetlands to their natural state" until final judgment in the civil case. This probation condition could be changed to require restitution to the extent and in the manner found to be necessary in the final judgment of the civil action.