**Michael H. DOUGHERTY, Appellant,**

v.

**Çarl WHITE, Superintendent, Missouri Training Center for Men; G. A. Ralston, Warden, United States Medical Center for Federal Prisoners; United States of America, Appellees.**

No. 81–2226.

United States Court of Appeals, Eighth Circuit.

Submitted July 15, 1982.

Decided Sept. 20, 1982.

Rehearing Denied Nov. 23, 1982.

Shepherd, Sandberg & Phoenix, P. C., Richard L. Prebil, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U. S. Atty., Kathianne Knaup, Asst. U. S. Atty., St. Louis, Mo., for appellees.

Before LAY, Chief Judge, and HEANEY and McMILLIAN, Circuit Judges.

LAY, Chief Judge.

The petitioner challenges the validity of a federal detainer lodged with the State of Missouri. The petitioner is presently in state custody by reason of a conviction in 1980 of second degree robbery. In 1974 the petitioner pleaded guilty to one count of causing interstate transportation of a forged security in violation of 18 U.S.C. § 2314 in the United States District Court

---

for the Eastern District of Missouri. Other counts in the indictment were dismissed. He was sentenced to six years in prison, but the district court ordered the sentence suspended and he was placed on probation for three years; a special condition of probation was imposed requiring restitution during that period. The petitioner made restitution of the amount involved in count I. However, on May 24, 1977, without notice or hearing, upon motion of the probation office, his probation was extended for two years by the district court for the Eastern District of Missouri. The government concedes the reason for the extension of probation was to require the petitioner to make additional restitution of amounts involved in the dismissed counts of the indictment.

Prior to the extension of probation, the petitioner moved to Atlanta, Georgia. On October 17, 1978, jurisdiction of the petitioner's probation was transferred to the United States District Court for the Northern District of Georgia. In November of 1978 the petitioner's probation was revoked by the district court for the Northern District of Georgia because he failed to notify the probation office of a change of jobs. He was sentenced to three years in prison. On August 13, 1979, he was released to a halfway house in Atlanta, Georgia. On October 14, 1979, the petitioner walked away from the halfway house. In February 1980 the petitioner was convicted in the Missouri state court for another crime and sentenced to six years in prison. On March 19, 1980, federal authorities lodged a detainer against the petitioner with Missouri prison officials, because of the petitioner's status as an escapee from the Atlanta halfway house.

Although the federal detainer is derived from the sentence for violation of his probation order by the district court of the Northern District of Georgia, it nevertheless finds its roots in the May 24, 1979, extension of his probation by the district court for the Eastern District of Missouri.

The petitioner filed a petition for a writ of habeas corpus in the federal court in the Eastern District of Missouri. The magis-

trate treated the filing as a petition under 28 U.S.C. § 2255 and denied the same on two grounds: (1) the district court for the Eastern District of Missouri did not have jurisdiction since the sentence being attacked was ordered by the district court for the Northern District of Georgia; and (2) there was no denial of due process in the extension of probation in May 1977 by the federal district court in Missouri since the petitioner was not entitled to notice and a hearing prior to the extension of a period of noncustodial probation supervision. The magistrate relied upon *Forgues v. United States,* 636 F.2d 1125 (6th Cir. 1980); *United States v. Cornwell,* 625 F.2d 686 (5th Cir.), *cert. denied,* 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980); and *United States v. Carey,* 565 F.2d 545 (8th Cir. 1977), *cert. denied,* 435 U.S. 953, 98 S.Ct. 1582, 55 L.Ed.2d 803 (1978).

The district court adopted the magistrate's finding and denied the writ. We vacate the judgment of the district court and direct that the federal detainer be quashed.

In his original petition the petitioner claimed the sentence by the federal district court in Georgia was excessive. We need not pass on this claim since we construe the petitioner's basic claim as challenging the May 1977 extension of probation issued by the district court of the Eastern District of Missouri. In regard to this claim the district court of the Eastern District was the "sentencing court" and jurisdiction for this claim lay within the Eastern District of Missouri under section 2255.

The petitioner's claim as set forth in his petition is essentially constitutional: the extension of probation was a violation of due process since it was ordered without notice to him and without an opportunity to be heard. The extension of probation was ordered in May of 1977, prior to the December 1, 1980, amendment of the Federal Rules of Criminal Procedure, Rule 32.1(b). Under this rule a defendant in a criminal case is now provided the right of notice, an opportunity to be heard, and the assistance of counsel before the terms or conditions of

probation may be modified. As the magistrate correctly pointed out, most authorities, including our own court, have held in the past that no constitutional right is violated by the failure of the government to give notice and opportunity to be heard in the extension of noncustodial probation.

The petitioner claims, however, where the extension of probation was based on illegal terms, then notice and hearing become fundamental rights. It also can be argued that where the extension of probation is based upon additional requirements of restitution of monies that there is a deprivation of property which would require that the petitioner be afforded due process. We need not meet these constitutional claims in deciding this case.

It has long been the rule that a federal court should not pass on constitutional issues when it is not necessary to do so. We should avoid constitutional rulings if the issues may be resolved on other grounds. This may be done here.

The order of May 24, 1977, by the district court of the Eastern District of Missouri need not be set aside as depriving the petitioner of his constitutional rights. The order is void for other reasons: it was in clear violation of federal law.

In relevant parts, 18 U.S.C. § 3651 reads:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

. . . .

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

*May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had . . . .*

18 U.S.C. § 3651 (emphasis added).

■ The sole source of a federal court's power regarding probation is statutory. 18 U.S.C. §§ 3651–56. *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir. 1981); *Oliver v. United States*, 290 F.2d 255, 257 (8th Cir.), *cert. denied*, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961). A federal court is without power to order probation when the conditions of probation conflict with those authorized by the statute.

The courts that have considered this precise issue are in agreement that a probationer may not be required under section 3651 to make restitution for offenses of which he was never convicted.

In *Karrell v. United States*, 181 F.2d 981, 986–87 (9th Cir.), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950), the defendant was indicted on 17 counts of defrauding veterans on federal home loan guarantees. She was convicted on six of the counts; the other 11 were either dismissed or ended in acquittal. The Ninth Circuit held that it was plain error for the sentencing judge to require as a condition of probation that the defendant make restitution to all 17 veterans named in the indictment.

In *United States v. Buechler*, 557 F.2d 1002, 1007–08 (3d Cir. 1977), the defendant pleaded guilty to one count of embezzling $262.12 from her employer bank. The prosecutor agreed that her guilty plea would dispose of all prosecutions arising out of the defendant's alleged theft of approximately $3,000 from the bank. The court then ordered as a condition of probation that the defendant make restitution in the amount of $1,989.35. The Third Circuit vacated the sentence, holding that it violated section 3651. The court said: "Thus, despite the fact that Buechler pleaded guilty to embezzling only $262.12, she was ordered to re-

store nearly $2,000—*an amount she was not even given a chance to dispute.*" 557 F.2d at 1004 (emphasis added).

*See also United States v. Seest*, 631 F.2d 107, 110 (8th Cir. 1980). In *Seest*, the defendant was convicted of draining water for irrigation from easement land of the National Wildlife Refuge System. One condition of the defendant's probation was that he "restore wetlands to their natural state." *Id.* at 109. This court remanded the sentence to the trial court to review and clarify the probation condition, in light of the statutory proscription that restitution be limited to the actual damage or loss caused by the offense. *Id.* at 110.

In this case, the May 1977 extension of probation based on the requirement of further restitution was clear error. The petitioner was convicted only of one count; he had made nearly full restitution on that count when his probation was extended and additional restitution was ordered. As the Third Circuit held in *Buechler, supra,* such an order forces the petitioner to make restitution of amounts he was never given the opportunity to dispute.

Title 28 U.S.C. § 2255 states in part: If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

Under the circumstances we find the May 1977 order extending probation to have been illegal since it was based on the requirement that the defendant make additional restitution.[1] Under the circumstances, since the federal detainer finds its roots in the original order of May 24, 1977, extending petitioner's probation, we find the detainer should be quashed. Any penalties flowing from the illegal May order, such as the Georgia sentence, would be null and void. Since the original sentence extending probation is ordered set aside, although this court has no jurisdiction over the Georgia sentence, we request the United States to move to vacate the Georgia sentence based upon this decision.

The order of the district court is vacated; the cause is remanded with directions that the order of May 1977 extending probation be vacated and the federal government be directed to withdraw its detainer presently lodged with Missouri authorities.

---

[1]. The original order of probation was never clear as to the scope of the ordered restitution. The federal district court's order entitled "Conditions of Probation" simply stated that the probationer shall "make restitution as ordered by Probation Officer."

The government argued on appeal that restitution for all counts of the multiple count indictment, whether Dougherty was convicted of them or not, was part of the original sentence of probation. (We note that, even if this were the case, the order would violate section 3651, since it would require restitution for counts of which the petitioner was never convicted.) However, this contention is not supported by the record, and the government has in effect conceded that the original order of probation required restitution only as to count I, the only count of which Dougherty was actually convicted.

This court has expressly noted that it is "a better practice" for the sentencing court to set the amount of restitution rather than to leave this decision to the probation office. *United States v. Runck*, 601 F.2d 968, 969–70 n.2 (8th Cir. 1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980). *See also United States v. Mancuso*, 444 F.2d 691, 695 (5th Cir. 1971) ("better practice is that where parties are aggrieved, the amounts to be paid and the manner of payment should be recited in the order, rather than delegating these details to the probation officer"); *United States v. Hoffman*, 415 F.2d 14, 21 (7th Cir.), *cert. denied*, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969) (restitution of an amount to be determined by state insurance director violates 18 U.S.C. § 3651).