UNITED STATES of America, Appellee,

v.

George William RAMSEY, Appellant.

No. 88–2117.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1989.
Decided Feb. 28, 1989.

Robert D. Tucker, Edwardsville, Ill., for appellant.

James E. Crowe, AUSA, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

George William Ramsey appeals from his convictions on two counts of forcibly disrupting the performance of a government employee's official duties, each a petty offense in violation of 41 C.F.R. § 101–20.305 (1987). The incident giving rise to the prosecution occurred during a demonstration at the federal courthouse in St. Louis, Missouri. Ramsey argues that the trial court [1] erred in denying his motion for a jury trial, even though petty offenses were involved, that the evidence was insufficient to support a conviction on either charge, that his motion to disqualify Magistrate David Noce should have been granted, and that his sentence of one hundred hours of community service and two years probation was improper. We affirm the judgment of the district court.

The St. Louis Pledge of Resistance conducted a demonstration in front of the federal courthouse in St. Louis on November 14, 1986 for the purpose of protesting United States policies in Central America. Ramsey was a member of this group and his employer, the American Friends Service Committee, was one of its four sponsors. He was to participate as media coordinator on behalf of the organization and on behalf of one of the speakers. The day of the demonstration was quite cold and Mary Auer, one of the participants, went into the courthouse to warm up for a few minutes. She carried a sign which read "100,000 Civilians Killed Promotes Democracy?"

One of the security officers, Eide, approached her and told her that she could not stay in the building.[2] She informed him that she came in to get warm, and after being asked to leave a second time insisted that she would stay in the building. She then raised the sign and held it toward the officers. Officer Eide took the sign from her, placed his hand on her arm, and began directing her toward the door. She physically resisted being escorted from the building and began screaming.

Officer Winkler came to assist in removing Mrs. Auer and at that point several of the protestors, including Ramsey, moved up the stairs and inside the building. Ramsey moved toward Winkler, pushing forcefully to make the officer release his grip on Mrs. Auer. Ramsey raised his other hand and stated to the officer that he was violating Mrs. Auer's rights and Officer Winkler in turn grabbed appellant's raised hand. Ramsey came forward, and Winkler attempted to grab him and restrain him. Officer Schultz then arrived on the scene, placed a nightstick around Ramsey's neck, and pulled him through the doorway into the lobby area. During the course of this struggle Winkler and Schultz both received kicks from Ramsey, who also dug his fingernails into the back of Schultz's hand deeply enough to draw blood. At this point Ramsey went limp and the three men fell to the ground.

Ramsey argues that even though a petty offense was involved and a right to jury trial does not ordinarily extend to such offenses, the rule is not hard and fast. Because of the severity of the penalty and nature of the crime, he contends he was entitled to a jury trial. He specifically argues that if he was charged with interfering with or assaulting a government

---

1. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri, conducted the trial and sentencing. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri, affirmed the judgments of conviction on appeal, and affirmed the sentence imposed, except to specify that the term of probation be unsupervised.

2. Officer Eide and Officer Winkler were Federal Protective Service officers who were employees of the United States. Officer Schultz was employed by a private agency contracting with the General Services Administration to provide security for the courthouse. No issue is raised as to his status as a federal employee.

employee under the laws of Missouri, he would have the right to trial by jury.

The constitutional right to a jury trial does not extend to cases involving petty offenses. *See Codispoti v. Pennsylvania*, 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974); *United States v. Seest*, 631 F.2d 107 (8th Cir.1980); *see also United States v. Sain*, 795 F.2d 888 (10th Cir. 1986). In *Sain* the Tenth Circuit rejected a defendant's effort to rely on state law to establish his right to jury trial in a federal offense. In a case involving a similar protest against United States policy in Central America, the Ninth Circuit held that the punishment involved did not alter the violation as a petty offense. *See United States v. Stansell*, 847 F.2d 609, 611–612 (9th Cir. 1988).

■ Ramsey next claims that since the security guards involved in the scuffle are stationed in the building where Magistrate Noce sits, he should have disqualified himself. A similar argument was rejected in *United States v. Faul*, 748 F.2d 1204, 1210–11 (8th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 632 (1985), and we find no error in this respect.

■ Ramsey also argues that there was insufficient evidence to support either of the charges. We must review the evidence in a light most favorable to the convictions. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1941); *United States v. Lee*, 743 F.2d 1240, 1250 (8th Cir.1984); *United States v. Burchinal*, 657 F.2d 985, 991 (8th Cir.), *cert. denied*, 454 U.S. 1086, 102 S.Ct. 646, 70 L.Ed. 2d 622 (1981). Ramsey's argument is essentially a factual one. He attempts to give a somewhat more favorable cast to the record and argues that the testimony against him was not credible. The credibility determinations were made by Magistrate Noce, the finder of fact and found to be not clearly erroneous by the district court. We are satisfied that the evidence viewed in a light most favorable to the prosecution, as we have set forth above, was adequate and sufficient to support the conviction on both charges.

■ Ramsey finally argues that the district court erred by placing him on probation for two years and requiring him to perform one hundred hours of community service. He argues that this is beyond the penalty imposed by 41 C.F.R. 101–20.315 (1987). We reject Ramsey's argument. The power to order probation is found in 18 U.S.C. § 3651, recodified as 18 U.S.C. § 3561 *et seq.* effective November 1, 1987. The sentence imposed was within the regulations and statutes. We further conclude that there was no abuse of discretion in the sentence that was imposed. Ramsey admitted that on an earlier occasion, after refusing requests to leave, he had been forcibly removed from the United States Attorney's Office in the same courthouse. He further admitted that after being placed outside the building he sat against the doors, requiring that he then be moved aside in order to allow exit from the building by others. Mrs. Auer testified that in moving between her and the officers Ramsey was utilizing procedures that were standard for their group in such occurrences. These facts could have been considered by the district court in imposition of sentence.

While the period of probation is not insubstantial, Ramsey may move the district court to further consider it as well as his argument that his employment involved community service for which he may receive credit.

We affirm the judgment of the district court.

BRIGHT, Senior Circuit Judge, concurring separately.

I concur in the opinion but add an observation. I am left with an uneasy feeling that some participants on both sides of this confrontation and imbroglio in the federal courthouse in St. Louis may have overreacted. Already much time and effort has been expended on an unfortunate and probably unnecessary confrontation. These remarks do not excuse defendant's conduct. Nevertheless, I am of the view that the district court in light of all the circumstanc-

es should consider vacating the probation requirement of the sentence.