**UNITED STATES of America, Appellee,**

v.

**George William RAMSEY, Appellant.**

No. 92–2923.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1993.

Decided May 7, 1993.

**832**

Burton H. Shostak of St. Louis, MO, argued, for appellant.

Mark W. Eggert, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, and BEAM, Circuit Judges.

FAGG, Circuit Judge.

George William Ramsey appeals his convictions for failing to comply with the lawful directions of a Federal Protective Officer, disorderly conduct which created a nuisance, and distributing handbills without a permit. *See* 41 C.F.R. §§ 101–20.304, .305, & .309 (1992). Ramsey also appeals his condition of probation that he comply with the federal income tax laws. We affirm.

On April 15, 1992, Ramsey entered an Internal Revenue Service (IRS) taxpayer assistance office in a federal building to protest the Government's use of tax money for military expenditures. Ramsey displayed a sign, distributed handbills, and explained his beliefs to taxpayer service representatives and individuals who had come to the office for taxpayer assistance. Ramsey did not request or receive a permit to distribute handbills in the building as required by posted regulations. IRS officials called Federal Protective Officers, and one of the officers ordered Ramsey to leave the office after learning Ramsey was distributing handbills without a permit. The officers arrested Ramsey when he refused. Ramsey resisted the officers by going limp, and the officers carried him from the office.

Before trial, Ramsey informed the district court he intended to represent himself. After questioning Ramsey at length and advising him to obtain counsel, the district court accepted Ramsey's waiver of counsel. After hearing the evidence, the district court convicted Ramsey. The district court fined Ramsey fifty dollars for each charge and placed him on three years probation on the condition that Ramsey perform community service, file his federal income tax returns, and pay his federal income taxes.

■ On appeal, Ramsey first contends his conviction for issuing handbills without a permit is invalid because the Government's arbitrary refusal to issue permits for the IRS office infringes on his First Amendment right of free speech. Ramsey also contends the regulations requiring compliance with the lawful directions of a Federal Protective Officer and prohibiting disorderly conduct are unconstitutionally vague and overbroad. Ramsey did not raise these constitutional issues before the district court. Because Ramsey was unaware of the posted regulations and did not apply for a permit before distributing his handbills, we are unwilling to consider Ramsey's attacks on the regulations for the first time on appeal. *Smith v. Gould, Inc.*, 918 F.2d 1361, 1364 (8th Cir.1990). Although there are circumstances in which we may exercise our discretion to consider an issue not passed on below, this is not one of those cases. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877–78, 49 L.Ed.2d 826 (1976).

■ Second, Ramsey contends his conviction for failing to comply with the lawful directions of a Federal Protective Officer is invalid because the evidence was insufficient to show the officer had legal authority to order Ramsey to leave the office. We disagree. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the Government. *United States v. Ramsey*, 871 F.2d 1365, 1367 (8th Cir.1989). Ramsey concedes he was distributing handbills without a permit required by 41 C.F.R. § 101–20.309. Thus, it was lawful for the officers to order Ramsey to leave the office.

Third, Ramsey contends the charge of disorderly conduct which created a nuisance is invalid because the complaint did not specify the conduct on which the charge was based. Again, we disagree. The complaint and accompanying attachments were sufficient to inform Ramsey of the charge he must defend

against at trial. *United States v. Olderbak,* 961 F.2d 756, 759 (8th Cir.1992).

 Fourth, Ramsey contends he did not knowingly and intelligently waive his Sixth Amendment right to counsel because the district court did not tell him the maximum penalties he faced or explain how the charges against him might be decided. Before accepting Ramsey's waiver of counsel, the district court questioned Ramsey to make sure he was aware of his right to counsel and the dangers and disadvantages of self-representation. *United States v. Yagow,* 953 F.2d 427, 431 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 103, 121 L.Ed.2d 62 (1992). The district court substantially followed the model inquiry in the *Bench Book for United States District Judges* that we approved in *Yagow.* Ramsey stated he was forty-four years old, had a masters degree in theology, and understood the charges. Ramsey also stated he had been in federal court ten or twelve times, understood the rules of evidence, and had conferred with attorneys about the rules of criminal procedure. Ramsey acknowledged the district court could not advise him how to try his case. The district court told Ramsey he faced up to a fifty dollar fine and a thirty day prison sentence for each charge, which could be imposed consecutively. The district court repeatedly advised Ramsey to retain an attorney and offered to appoint an attorney, but Ramsey insisted on representing himself. In declining the district court's offer to appoint counsel, Ramsey told the district court he was financially able to pay two attorneys who were available to assist him.

The district court's failure to tell Ramsey the maximum fine was $5000 for each charge did not affect Ramsey's decision to waive counsel. The district court made known it would limit the fine to fifty dollars for each charge on which Ramsey was convicted, thus making the maximum fine information irrelevant. Also, the district court had no duty to tell Ramsey how the charges might be decided before hearing the evidence. We find no merit in Ramsey's contention that his waiver of counsel was not knowing and intelligent.

 Finally, Ramsey contends the district court abused its discretion in imposing a probation requirement that he file his federal income tax returns and pay his federal income taxes. Ramsey contends this condition requires him to violate his pacifist religious beliefs. Ramsey told the district court he had not paid his income taxes for the past twenty years and did not intend to pay his current income taxes. Ramsey, however, has no First Amendment right to avoid federal income taxes on religious grounds. *United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982); *Wall v. United States,* 756 F.2d 52, 53 (8th Cir.1985) (per curiam). Willful failure to file returns or pay taxes is a criminal offense, 26 U.S.C. § 7203 (Supp. II 1990), and it is a mandatory probation requirement that Ramsey not commit another federal crime, 18 U.S.C. § 3563(a)(1) (1988). The district court did not abuse its discretion by requiring Ramsey to comply with the federal income tax laws.

Accordingly, we affirm.