# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3073

_____

United States of America,      *
               *
     Appellee,       *
               *  Appeal from the United States
   v.             *  District Court for the
               *  District of South Dakota.
Mary I. Miller,        *
               *
     Appellant.       *

_____

Submitted: June 10, 2008
Filed: March 9, 2009

_____

Before SMITH, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Mary I. Miller appeals the sentence imposed by the District Court[1] after revocation of her probation. We affirm.

On March 24, 2003, Miller pleaded guilty to one count of conspiring with her husband, Walter Randall Miller, to defraud the United States by failing to file employment-tax returns or pay employment taxes from 1994 to 2002. The District Court sentenced Miller to five years of probation. The court imposed special

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

conditions of release requiring Miller to "cooperate fully" with the Internal Revenue Service ("IRS") in filing "all tax returns required by law" ("Special Condition 9") and to "cooperate with the [IRS] in making full payment of all taxes, interest, and penalties" and "pay all amounts due to the IRS as finally determined" ("Special Condition 10"). J. at 3.

In December 2006, Miller's probation officer filed a petition to revoke Miller's supervised release because, in violation of Special Conditions 9 and 10, Miller had not filed her personal tax return for 2005 nor had she paid her outstanding tax obligation to the IRS. The District Court revoked Miller's supervised release and sentenced her to thirteen months in prison followed by thirty-two months of supervised release. The court re-imposed the terms described in Special Conditions 9 and 10, which were renumbered Special Conditions 8 and 9, respectively, and the court added a special condition requiring Miller to pay, jointly and severally with her husband, $2,000 per month toward her IRS obligations beginning thirty days after her release from prison ("New Special Condition 10"). The court explained that if Miller complied with New Special Condition 10, she could avoid future revocation of supervised release for failure to pay her IRS obligations.

Miller first argues that the District Court abused its discretion by imposing New Special Condition 10 because the condition did not delineate a set amount of restitution owed to the IRS, it encompassed IRS obligations that were unrelated to her employment-tax conviction, and it included interest and penalties on those unrelated IRS obligations. We review for abuse of discretion a district court's decision to impose certain terms and conditions of supervised release. United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007).

The District Court did not abuse its discretion by requiring as a condition of Miller's release that she comply with the tax laws and pay the IRS $2,000 per month toward her outstanding tax obligations as finally determined by the IRS. See United

States v. Ramsey, 992 F.2d 831, 833 (8th Cir. 1993) (concluding that district court did not abuse its discretion by requiring defendant to comply with federal income tax laws); 18 U.S.C. § 3583(d) (requiring sentencing courts to order as a condition of supervised release that a defendant refrain from committing a federal, state, or local crime); cf. United States v. Mitchell, 429 F.3d 952, 961–62 (10th Cir. 2005) (holding that an order requiring the defendant to keep current on unrelated restitution obligations is not "restitution" but rather a requirement to obey the law). Specifically, Miller's contention that New Special Condition 10 does not comport with the Mandatory Victim Restitution Act is unavailing. New Special Condition 10 does not impose a restitution requirement; it imposes a requirement that Miller comply with the tax laws—including the payment of her outstanding tax obligations.[2] See United States v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir.) (finding meritless the defendant's argument that an order to pay delinquent taxes was an improper restitution order because the tax obligation was established by the Internal Revenue Code), cert. denied, 536 U.S. 932 (2002); United States v. Iverson, No. 95-4185, 1996 WL 656578, at *2 (10th Cir. Nov. 12, 1996) (holding that special condition ordering defendant to "pay all back taxes owed" was not an order of restitution but an order to obey the tax laws); United States v. Huguenin, No. 94-1119, 1994 WL 390112, at *2 (1st Cir. July 22, 1994) (noting that condition requiring defendant to "file delinquent and future tax returns, as well as pay any tax due" simply required compliance with the law); United States v. Hatchett, 918 F.2d 631, 644 (6th Cir. 1990) (holding that conditioning probation on payment of all back taxes was nothing more than an order to "comply with the law"), cert. denied, 501 U.S. 1223 (1991); United States v. Schiff, 876 F.2d 272, 275 (2d Cir. 1989) (holding that condition directing payment of all "legally required" taxes was "neither overbroad nor vague" and "mandate[d] no more than the law require[d]"). Moreover, New Special Condition 10 is reasonably related

---

[2]During the revocation hearing, both the parties and the District Court used the term "restitution" to refer generally to Miller's duty to pay her outstanding tax obligation to the IRS. Importantly, the District Court does not characterize this tax obligation as "restitution" in the revocation judgment.

to the circumstances of Miller's offense, involves no greater deprivation of liberty than is reasonably necessary to deter Miller's criminal conduct, and is designed to protect the public from additional crimes by Miller. See 18 U.S.C. § 3583(d). The District Court did not abuse its discretion by conditioning Miller's release on her compliance with the tax laws and her payment of $2,000 per month toward her outstanding tax obligations.

Miller next argues that the District Court abused its discretion by imposing a thirteen-month sentence of imprisonment after revoking her probation. We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions. United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005). In reviewing for abuse of discretion, we must first ensure that the court committed no significant procedural error, such as improperly calculating the sentence under the Guidelines, failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the reasons for the sentence imposed. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Once we are satisfied that the sentencing decision is free of significant procedural error, we consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard. Gall, 128 S. Ct. at 597.

Here, the District Court considered the three-to-nine-month revocation sentence recommended under the Guidelines, but elected instead to impose a thirteen-month term of imprisonment—a sentence that is within the statutory limits of 18 U.S.C. § 3583(e)(3). The District Court based its sentencing determination on factual findings that were not clearly erroneous, adequately explained the reasons for the sentence imposed, and considered alternatives to imprisonment. The court found by a preponderance of the evidence, see id., that Miller refused to cooperate with the IRS, failed to pay her outstanding tax debt, filed incomplete and inaccurate personal tax returns for the 2000 through 2004 tax years, and failed to file a personal tax return for the 2005 tax year. The court noted that it was "disturbing" that despite the "considerable leniency" extended to Miller at her original sentencing, she refused to

comply with the court's orders. Tr. of June 18, 2007, Sent. Hr'g at 58–59. The court stated that it had "tried everything possible" to get Miller to "comply with the judgments of this Court," but that Miller continued "to frustrate the [IRS] and this Court and the Court takes a very dim view of that." Id. at 65–66. We hold that the District Court did not commit procedural sentencing error.

Likewise, we are satisfied that the District Court considered and gave appropriate weight to the relevant § 3553(a) factors in determining Miller's revocation sentence. The court was aware of Miller's ongoing violations of the special conditions of her probation and her unwillingness to comply with those conditions despite the efforts of the court and the IRS to obtain compliance. The court considered both the Guidelines sentencing range and the statutory maximum sentence before determining that the sentence imposed was necessary to deter Miller's continued criminal conduct. In addition to presiding over Miller's revocation sentencing, the District Court presided over Miller's initial sentencing. At the revocation hearing, therefore, the court was fully apprised of Miller's history and characteristics. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (noting that judge who presided over both original and revocation sentencing proceedings was aware of defendant's history and characteristics). After careful review of the record, we are confident that the District Court adequately considered the relevant § 3553(a) factors, committed no abuse of discretion in weighing those factors, and imposed a reasonable sentence.

We affirm Miller's sentence in all respects.
_____