767 F.Supp. 1008 (1991)
UNITED STATES of America, Plaintiff,
v.
Jerry Lee LEWIS, a/k/a Jerry Lewis Bey, Defendant.
No. 91-00001CR(6).
United States District Court, E.D. Missouri.
July 16, 1991.
*1009 Doris Black, St. Louis, Mo., for defendant.
Michael Fagan, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

MEMORANDUM
GUNN, District Judge.
This cause is before the Court pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 through 3156, for review of the January 16, 1991 order of United States Magistrate Judge Catherine D. Perry, detaining defendant Jerry Lee Lewis prior to trial.
The indictment in this matter charges defendant with unlawfully, willfully and knowingly conducting the affairs of a criminal enterprise which affected interstate commerce through a pattern of racketeering activity in violation of Title 18, United States Code, section 1962(c), with conspiring with others to conduct the affairs of a criminal enterprise through a pattern of racketeering activity in violation of Title 18, United States Code, section 1962(d), and with nine (9) counts of violating Title 18, United States Code, section 1959, that is, for the purposes of gaining entrance to, maintaining his position in and increasing his position in said criminal enterprise, unlawfully, willfully and knowingly attempting to, conspiring to and committing certain acts of violence, including, murder, attempted murder and assault.
More particularly, the indictment charges that one of the objects of the enterprise was the distribution of cocaine, heroin, marijuana and pentazocine. All defendants are charged with the commission of certain racketeering predicate acts including conspiracy to possess and to distribute cocaine, heroin, marijuana and pentazocine in violation of 21 U.S.C. §§ 841 and 846. Defendant is specifically charged with the commission of additional racketeering acts including conspiracy to murder, attempted murder and murder, in violation of Missouri statutes, and possession and distribution of schedule II controlled narcotics in violation of Missouri and federal law. If convicted, the defendant could be sentenced to a maximum term exceeding ten years imprisonment.
On June 14, 1991 the Court conducted a hearing on defendant's motion pursuant to 18 U.S.C. § 3145(b) seeking review by this Court of Magistrate Judge Perry's detention order. Neither the United States nor the defendant presented additional evidence at the hearing. Defendant asked the Court to take judicial notice of the record developed before Magistrate Judge Perry *1010 and, in particular, directed the Court's attention to the affidavits of Thomas Spence Bey and Jerry Spence Bey contained in the file. The Government asked the Court to take judicial notice of the evidence offered at the pretrial detention hearing before Magistrate Judge Perry, and the information contained in the pretrial services summary report. The Government also sought leave to present evidence in an in camera ex parte proceeding. Over defendant's objection, the Court granted this request on the basis of the authority set forth in United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir.1985). See also United States v. Accetturo, 783 F.2d 382, 391 (3rd Cir. 1986); United States v. Ridinger, 623 F.Supp. 1386, 1397-99 (W.D.Mo.1985). The Court concludes that in camera review of ex parte evidence is warranted in this situation by the need to protect the Government's witnesses and confidential sources. A court reporter was present to transcribe the aforementioned in camera ex parte proceeding. The Court provided defendant with a similar opportunity to submit evidence in an in camera ex parte proceeding. As of this date, defendant has not responded to the Court's invitation to present such evidence.
This memorandum represents the Court's written findings of fact and written statement of the reasons for detention as contemplated in 18 U.S.C. § 3142(i)(1).

Findings of Fact
The Court having conducted a de novo review of the entire record, including the audio recording of the hearing before Magistrate Judge Perry, finds that the Magistrate Judge's January 16, 1991 order accurately and exhaustively sets forth the salient facts and evidence. Most important among these facts are defendant's long history of arrests involving crimes of drugs and violence and his prior conviction for the distribution of heroin; the presence of a firearm in defendant's home at the time of his arrest and his apparent access to other firearms; the seizure of $52,000 in cash from the home of defendant's sister and the numerous international contacts he has acquired during his travels to Morocco on behalf of the Moorish Science Temple of America. The Court also notes that defendant has been arrested several times on fugitive warrants issued as a result of his failure to appear for certain court appearances.
Also significant to the Court's determination is the government's evidence, presented by way of proffer, that a law enforcement officer and two persons who were to testify as government witnesses in federal criminal proceedings were among the victims or intended victims of the alleged murders and planned activities referred to in the indictment. In addition, the amount of drugs involved in the offenses listed in the indictment ranged up to 35 kilograms of cocaine. Therefore, on the basis of the offenses charged in the indictment the Court finds that there is probable cause to believe that defendant committed an offense proscribed under Title 21 of the United States Code.
Having received and reviewed in camera the ex parte evidence submitted by the government, the Court finds it unnecessary to rely on the evidence so submitted in making its determination concerning the propriety of defendant's detention. Accordingly, none of the evidence presented to the Court in the above-mentioned in camera ex parte proceeding will be set forth in the findings of fact or relied upon as a basis for detention. In addition to the forgoing, the Court adopts, sustains and incorporates herein the findings of fact set forth in Magistrate Judge Perry's order and will not further restate them here.

Reasons for Detention
Under the Bail Reform Act, 18 U.S.C. § 3142(f), and Eighth Circuit interpretations thereof, the government must show by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and, by a preponderance of the evidence, that no condition or set of conditions under section 3142(c) will reasonably assure the defendant's appearance. United States v. Orta, 760 F.2d 887, 891 (8th *1011 Cir.1985). Further, under 18 U.S.C. § 3142(e), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance and safety to the community where the court finds that there is probable cause that defendant committed an offense proscribed under Title 21 of the United States Code. Orta, 760 F.2d at 891 n. 17. The court may make a finding of probable cause where the defendant has been indicted and charged with such an offense. Id.; United States v. King, 849 F.2d 485 (11th Cir.1988); United States v. Jessup, 757 F.2d 378 (1st Cir.1985).
Once the section 3142(e) presumption is triggered by the Court's finding of probable cause, the question become "whether the defendant has successfully rebutted the presumption." United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985). In order to rebut the presumption, defendant's burden is that of production only; the government retains the burden of persuasion. See, e.g., Orta, 760 F.2d at 891 n. 17. In order to meet his burden of production, defendant must produce "some" evidence. United States v. Jessup, 757 F.2d at 384. If defendant's rebuttal proves successful, however, the presumption does not disappear. Rather, the Court may consider the presumption along with the other statutory considerations set forth in section 3142(g) when making its ruling as to detention.
The Court's analysis of defendant in light of the statutory considerations set forth in 18 U.S.C. § 3142(g) persuades it that pretrial detention is warranted. Defendant has a significant record of arrests involving crimes of drugs and violence and is here charged with violent crimes involving narcotics trafficking; defendant also has a previous conviction for the distribution of heroin. As previously noted, the Court finds that there is probable cause to believe the defendant has committed offenses for which there is a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. The indictment alleges defendant's involvement in several murder conspiracies targeting federal witnesses and law enforcement officers. A firearm was found in defendant's home at the time of his arrest and defendant apparently has access to other firearms.
Defendant faces a severe sentence if convicted which provides an incentive for flight. He also apparently possesses the means to flee based upon his access to the substantial sums of money found in his sister's home and the financial support he receives from members of the Moorish Science Temple of America. Defendant's possession of two valid passports at the time of his arrest further demonstrates an ability to obtain the means necessary to flee. Although defendant has family ties to the community, his prior arrests on fugitive warrants indicate failure on occasion to appear for court appearances. In addition, defendant owns no real property which could be posted as a bond.
On the basis of the foregoing, the Court concludes that defendant failed to rebut the presumption which arises pursuant to 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. Notwithstanding the presumption, the Court finds clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community should defendant be released on bail pending trial. Accordingly, the defendant will be detained in custody pending trial.