UNITED STATES of America,
Plaintiff,

v.

Pedro LEYBA, Defendant.

Crim. No. 00–55.

United States District Court,
S.D. Iowa.

May 31, 2000.

Alan R. Ostergren, Asst. U.S. Atty., Rock Island, IL, for Plaintiff.

Terence L. McAtee, Asst. Federal Public Defender, Davenport, IA, for Defendant.

## ORDER GRANTING DEFENDANT'S REQUEST FOR PRETRIAL RELEASE

PRATT, District Judge.

On April 12, 2000, a four-count second superseding indictment was filed against Pedro Leyba alleging that Mr. Leyba, in violation of 21 U.S.C. § 846 and § 841(a)(1), and 18 U.S.C. § 924(c)(1)(A)(ii), conspired with two or more other persons to knowingly and intentionally distribute, and possess with intent to distribute, cocaine (Schedule II controlled substance), and knowingly used, carried, possessed or brandished a firearm in relation to that offense. On March 1, 2000, Mr. Leyba was ordered detained by United States Magistrate Judge, Thomas J. Shields, on the basis that there were no conditions of release which would reasonably assure the appearance of Mr. Leyba and the safety of others and the community. The current matter came before the Court for hearing on May 22, 2000, via the ICN, on Defendant's Request for Review of Detention Order.

### I. Standard of Review

The Court reviews this matter de novo. *See United States v. Maull,* 773 F.2d 1479, 1481 (8th Cir.1985). Therefore, it is imperative that the District Court review the record before the Magistrate Judge and make a thorough and non-deferential determination as to whether Mr. Leyba should be continued on his current Detention Order. *See United States v. Marzullo,* 780 F.Supp. 658, 660 (W.D.Mo. 1991).

## II. Analysis

■ The Eighth Circuit Court of Appeals has indicated that pretrial detention should be the exception rather than the rule in Federal criminal cases. *See United States v. Orta*, 760 F.2d 887, 890–91 (8th Cir.1985). The Court of Appeals noted that the language of the Bail Reform Act changed the legal standard to require release if there exists any set of conditions which will reasonably assure the Defendant's appearance in court and the safety of others and the community. *Id.* at 891 n. 14. "The change from the negative to the positive in the flight determination standard and from 'will' to 'will reasonably assure' in the dangerousness evaluation criterion renders it more difficult to find the defendant a flight and safety risk." *Id.*

■ Pretrial detention of a defendant can be based on a showing that the defendant either poses a substantial flight risk or poses a danger to others or the community. *See United States v. Garcia*, 801 F.Supp. 258, 260 (S.D.Iowa 1992) (citing *United States v. Fortna*, 769 F.2d 243 (5th Cir.1985), *cert. denied*, 479 U.S. 950, 107 S.Ct. 437, 93 L.Ed.2d 386 (1986)). Detention can be based on either showing, but both are not required. *See id.* A Grand Jury indictment provides the probable cause required to trigger a rebuttable presumption of risk of flight and danger to the community. *See Garcia*, 801 F.Supp. at 261. "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ( 21 U.S.C. § 801 et seq.)." 18 U.S.C.A. § 3142(e)(3).

■ The offenses, as charged, carry a maximum term of imprisonment exceeding ten years, therefore triggering the rebuttable presumption of detention. Upon triggering the rebuttable presumption, a defendant has the burden to establish that any prescribed conditions of release from the Court will reasonably assure that the defendant will appear for trial and not engage in further dangerous criminal activity. *See Garcia*, 801 F.Supp. at 261.

In a rebuttable presumption case, such as this one, there is authority to suggest that the presumption shifts only the burden of production to the defendant while the burden of persuasion remains with the Government. *See e.g., United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (holding the government labors under the burden of persuasion whether or not the rebuttable presumption applies, bearing the burden to prove by clear and convincing evidence defendant is dangerous); *United States v. Miller*, 625 F.Supp. 513, 518 (D.Kan.1985) (holding only the burden of producing facts to rebut the presumption lies with the defendant). Thus, when there exists a rebuttable presumption, the burden falls to the defendant to show factual evidence that he will appear for trial and does not pose a threat to the safety of others or the community. However, the ultimate burden remains with the Government to show, by clear and convincing evidence, that there are no conditions of pretrial release which will reasonably assure the defendant's appearance and the safety of others and the community when an order of pretrial detention is sought. Absent such a showing by the Government, pretrial release should be granted.

In reviewing the current record, the Court finds little which would suggest a likelihood that Mr. Leyba poses a substantial flight risk to prosecution. There is no evidence in the record to suggest that Mr. Leyba has previously attempted to flee from prosecution, despite numerous prior arrests. Agents did locate a false social security card in Mr. Leyba's home for the name Pedro Lieva. However, the Court is not convinced that this item alone constitutes a substantial risk of flight. Mr. Ley-

ba is a legal resident of the United States and his mother, Priscilla Denava, has agreed to sign a third-party custody agreement. Ms. Denava is reportedly home most of the time and understands her obligation to report Mr. Leyba should he violate his conditions of release. Additionally, Mr. Leyba has indicated a willingness to be subject to electronic monitoring to ensure his compliance with conditions of release.[1]

In this case, Mr. Leyba presented sufficient credible evidence at his detention hearing before Magistrate Judge Shields to rebut the presumption that he poses a present substantial danger to the community.[2] The Court finds that the Government has not proven by clear and convincing evidence that Mr. Leyba is within the "small but identifiable group of particularly dangerous defendants as to whom neither the [imposition] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons" intended by Congress to be detained pending trial. *See Orta,* 760 F.2d at 890 (citing S.Rep. No. 225, 98th Cong., 1st Sess. 6–7).

The Court finds that evidence presented on Mr. Leyba's behalf was sufficient to rebut the presumption that he should be detained. The Government has not shown by the requisite clear and convincing evidence that stringent conditions of release will not reasonably assure Mr. Leyba's presence at trial or the safety of others or the community.

The Court, having conducted its own independent analysis, and based on all the evidence before it, concludes that the Magistrate Judge's Detention Order should be reversed and Mr. Leyba be released pending trial, subject to the conditions in the Order Setting Conditions of Release.

**IT IS SO ORDERED.**

---

1. Terence McAtee, counsel for Mr. Leyba, stated at the detention hearing before Magistrate Judge Shields his belief that the court could set reasonable conditions of release, including a third-party custody agreement, electronic monitoring, and curfew. Transcript of Pretrial Detention Hearing at 18.

2. Like the Magistrate Judge, this Court harbors concerns about Mr. Leyba's prior arrest record, which contains at least nine arrests, many involving violent conduct. However, the parties agree, and the Court can find no legal authority, to support the use of prior arrests which did not result in conviction as a basis for a finding of danger to the community.