**UNITED STATES of America, Plaintiff,**

v.

**Rudy Alberto JOCOL–ALFARO, a/k/a Jesus Santiago, Defendant.**

**United States of America, Plaintiff,**

v.

**Elias DeLeon–Ochoa, a/k/a Pedro Lerma, Defendant.**

**Nos. CR 11–4133–DEO, CR 11–4134–MWB.**

United States District Court, N.D. Iowa, Western Division.

Oct. 31, 2011.

Kevin C. Fletcher, U.S. Attorney's Office, Sioux City, IA, for Plaintiff.

Chinedu I. Igbokwe, Banwo & Igbokwe Law Office, Omaha, NE, for Defendant.

PAUL A. ZOSS, United States Chief Magistrate Judge.

This matter came on for a detention hearing on October 26, 2011, on the motion for release with conditions (Doc. No. 9) filed by the defendants Rudy Alberto Jocol–Alfaro and Elias DeLeon–Ochoa in criminal case numbers CR11–4133–DEO and CR11–4134–MWB. Because of the similarity of the issues in both cases, the court held a consolidated hearing on the motion in both cases. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendants appeared in person with their attorney, Chinedu Igbokwe. The Government offered the testimony of Special Agent Kenneth Vance Baird of the Department of Homeland Security.

Defendants Jocol–Alfaro and DeLeon–Ochoa are natives of Guatemala charged with making false claims of United States citizenship, using false Social Security numbers, and fraudulently using state-issued identification cards to obtain employment in the United States. Defendant Jocol–Alfaro also is charged with being an alien found in the United States after having been previously deported in June 2005. The Government contends that the defendants in these cases must be detained pending trial because of Immigration and Customs Enforcement ("ICE") detainers against them.

The court must determine, first, whether the Government has shown, by a preponderance of the evidence, the existence of a serious risk that the defendant will flee; and second, even if such a risk exists, whether the Government has shown there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required. 18 U.S.C. § 3142(c) & (e); *see United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985) (en banc).

The evidence indicates Jocol–Alfaro has resided in the Sioux City, Iowa, area since June 2008 with his wife, their two-year old son who suffers from polycystic kidney disease, and the family of a friend who is a proposed third-party custodian. The defendant also has one sister residing in Sioux City. Jocol–Alfaro has no criminal history other than his 2005 deportation.

Defendant DeLeon–Ochoa has resided in the United States since 1991 or 1992 and has lived in Sioux City since 2003. He is married to a lawful permanent United States resident with whom he has three children who are United States citizens and who is a proposed third-party custodian. The defendant failed to appear for deportation after a warrant for deportation was issued in 2000, but there has been no showing that the warrant was ever served. Other than an arrest for disorderly conduct in 2001, DeLeon–Ochoa has no criminal history.

The crimes charged in these cases are not violent in nature, and do not involve firearms, minor victims, or controlled substances. Both defendants have family ties to this area. Because of the lack of evidence to this court concerning the actual crimes the defendants are alleged to have committed, the court is unable to consider the weight of the evidence.

All of the above factors weigh in favor of the defendants' pretrial release on appropriate conditions. *See* 18 U.S.C. § 3142(g)(1) (listing factors the court is to consider in determining whether conditions of release will reasonably assure the defendant's appearance as required).

However, there currently are ICE detainers on the defendants that, if the defendants are placed on pretrial release, would result in ICE taking custody of the defendants and possibly deporting them before they are brought to trial on the present charges. Were it not for the threat of the defendants' deportation by ICE, however, the court finds that they would be eligible for pretrial release.

This court previously acknowledged "the complicated interplay between the Bail Reform Act of 1984, which sets out the procedure and parameters for pretrial release and detention, and statutes requiring the deportation of persons present in the United States illegally." *United States v. Villanueva–Martinez,* 707 F.Supp.2d 855, 857 (N.D.Iowa 2010). In *Villanueva–Martinez,* the defendant was charged with, among other things, making a false claim of United States citizenship and using a false Social Security number. *Id.* at 856. There, it was undisputed that, if the court released the defendant from the custody of the United States Marshal, he would be taken into custody by ICE, where he would face pending removal proceedings and could, in fact, be deported prior to having to face trial on the pending charges and potential imprisonment. *Id.* at 857.

This court found, however, that "the Bail Reform Act does not permit this court to speculate on the 'risk' that a defendant would not appear in this court due to his being removed from this country by the same government that is prosecuting him." *Id.* (quoting *United States v. Montoya–Vasquez,* No. 4:08CR3174, 2009 WL 103596, at *4 (D.Neb. Jan. 13, 2009)). "The 'risk' of an order of removal is one over which this court has no control, and whether the hearing on defendant's request for cancellation of removal is rescheduled, and if so, the merit of such request, are issues that are simply not for this court's review." *Id.* (quoting same). This court further noted the court's conclusion in *Montoya–Vasquez* that " 'failure to appear' as used in the Bail Reform Act is limited to the risk that the defendant may flee or abscond, that is, that he would fail to appear by virtue of his own volition, actions and will. If the government-through ICE or any other authority-prevents his appearance, he has not 'failed' to appear." *Id.* (quoting *Montoya–Vasquez,* 2009 WL 103596, at *5).

In sum, "[t]he court will not speculate on the possible results of pending immigration proceedings involving the defendant[s]." *Id.* at 858. "[T]he risk of removal by ICE, if cognizable at all under the [Bail Reform] Act, cannot be determinative of the question of a defendant's eligibility for release." *Id.* (quoting *Montoya–Vasquez,* 2009 WL 103596, at *5). While the defendants' "illegal status must be considered, the mere presence of an ICE detainer is not a determining detention factor"; otherwise, "Congress's carefully crafted detention plan, set forth at 18 U.S.C. § 3142, would simply be overruled by an ICE detainer." *United States v. Barrera–Omana,* 638 F.Supp.2d 1108, 1111, 1112 (D.Minn.2009). "If the court could consider as determinative the speculative probabilities that a defendant would

be removed from this country by ICE once he is placed in ICE custody, it would effectively mean that no aliens against whom ICE places detainers could ever be released on conditions." *Villanueva–Martinez*, 707 F.Supp.2d at 857–58 (quoting *Montoya–Vasquez*, 2009 WL 103596, at *5). "Such a harsh result is nowhere expressed or even implied in the Bail Reform Act." *Id.* at 858 (quoting same).

Accordingly, on the basis of the factors enumerated in the Bail Reform Act, the court finds the Government has failed to prove by a preponderance of the evidence that there are no conditions of release that will reasonably assure the defendants' appearance as required. The defendants' motion for release with conditions (Doc. No. 9) is, therefore, **granted,** and the defendants will be released on bond.

As a condition of the defendants' release, the bond will provide that, as long as the defendants are in ICE custody, no electronic monitoring will be required. However, the Attorney General (including both the United States Attorney and ICE) and counsel for the defendants are ordered to notify the United States Probation office in the Northern District of Iowa promptly should any order be initiated for the defendants' deportation, ejection, or removal from the United States by any means. The defendants are ordered to notify Pretrial Services promptly if they are released on bond by the immigration court, at which time some form of electronic monitoring will be added as a condition of their pretrial release.

**IT IS SO ORDERED.**